E. H. O'Daniel, et al., *v.* J. P. Flannigan, et al.

**Witnesses—Impeachment.**
It is competent for a party to prove that a witness has made statements out of court contrary to what he has testified to in the trial, and thus impeach the witness.

**Impeachment.**
The examination of impeaching witnesses must be confined to the general reputation of the person sought to be impeached, and such witnesses will not be permitted to testify as to particular facts.

APPEAL FROM MARION CIRCUIT COURT.

October 21, 1874.

Opinion by Judge Peters:

Mills, who was examined as a witness for appellee, proved that he never did, in a conversation with Robert Hamilton, at the gate or anywhere else, say that E. H. O'Daniel had insulted him when speaking to him in relation to the note sued on. This statement was made on cross-examination, Mills having proved for appellee that he met with E. H. O'Daniel near the court house gate in Lebanon, and asked him when Flannigan would get his money, and that O'Daniel then told him to rest easy, that as soon as he could wind up Pie's

estate, Flannigan should have his money. The matter testified to by Mills was relative to the issue, and the object of the cross-examination was to call his attention directly to the subject to afford him the opportunity of explaining the circumstances under which he made the statement to Hamilton, if made at all; and having denied that he had made any such statement to Hamilton, it was competent for appellants to prove that the witness had made statements out of court contrary to what he had testified to on the trial, to impeach him. 1 Greenleaf on Evidence, Sec. 462. The court below, therefore, erred in sustaining the objections to Hamilton's evidence. On the subject of the evidence offered by appellants to impeach the credit of P. B. O'Daniel, it may suffice to say that the examination of the impeaching witnesses must be confined to his general reputation, and will "not be permitted as to particular facts; for the reason that every man is supposed to be capable of supporting the one, but it is not likely that he should be prepared to answer the other, without notice; and unless his general character and behavior be in issue, he has no notice." 1 Greenleaf on Evidence, Sec. 461. The court below properly refused to permit appellants to introduce evidence as to particular criminal acts of P. B. O'Daniel.

Instruction No. 5, given to the jury for appellee, is misleading and erroneous. That instruction not only directs the attention of the jury to the testimony of Mills, and thereby gives it special importance, but it requires the jury to ascertain what was Mills' understanding and belief of certain statements made by appellants, or some of them, and then they were to make their verdict according to their conclusion as to how Mills understood and believed all or a part of said statements, instead of making it upon all the evidence heard on the trial.

Instructions "No. 1 and 2," as asked by appellants, were more properly refused because they excluded from the consideration of the jury the mental condition of Flannigan at the time, and for the further reason that there is evidence in the case that appellants themselves denied that they had executed the note sued on, and he may have acted on erroneous information received from them.

Those numbered 3 and 4 were properly refused because they make the liability of appellants for the debt depend upon proof of their authority to P. B. O'Daniel to sign their names to the note before it was signed, and excludes from the jury evidence of their acknowledgment of his authority afterwards, or of their subsequent ratification of his act of signing their names. Nor did the court err in

refusing No. 5 as asked by appellants, because it had been given substantially in Instruction No. 2, asked for by appellee. The phraseology of that instruction, however, is objectionable. The word "recognized," as used in the instruction, is too indefinite. The party must have in language admitted the authority of P. B. O'Daniel to sign their names to the note, or acknowledged their obligation to pay the note. Only such admissions or acknowledgments are sufficient to bind the parties making them.

For the reasons stated the judgment must be *reversed* and the cause remanded for a new trial and for further proceedings consistent herewith.

*Harrison & Knott, for appellants.*
*Russell & Avitt, C. S. Hill, for appellees.*